**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:10-cr-00287-GMN-VCF |
| vs. | ) | |
| | ) | **AMENDED ORDER** |
| LANCE KELLOW, | ) | **(removing in the CONCLUSION: "The Clerk of the Court shall enter judgment accordingly.")** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Emergency Motion for Release Pending Appeal (ECF No. 287) filed by Defendant Lance Kellow ("Defendant"). The Government filed a Response. (ECF No. 289.)

**I.     BACKGROUND**

Defendant was convicted by a jury on March 1, 2013, of one count of Conspiracy to Commit Wire and Mail Fraud in violation of 18 U.S.C. §§ 1349, 1341, and 1343; three counts of Wire Fraud in violation of 18 U.S.C. § 1343; and one count of Bank Fraud in violation of 18 U.S.C. § 1344. At Defendant's Sentencing Hearing, on March 7, 2014, the Court imposed a custodial sentence of fifty-seven months per count, concurrent. In addition, the Court ordered that Defendant shall self-surrender to begin this term of imprisonment on June 5, 2014.

More recently, on May 28, 2014, Defendant filed the instant motion requesting that the Court allow Defendant to remain out of custody until his appeal to the Ninth Circuit is resolved.

**II.     LEGAL STANDARD**

Section 3143 of Title 18 of the United States Code governs the release or detention of a defendant pending appeal. 18 U.S.C. § 3143(b). Pursuant to § 3143(b), a court may grant release to an individual sentenced to a term of imprisonment only when

"the judicial officer finds--
    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
        (i) reversal,
        (ii) an order for a new trial,
        (iii) a sentence that does not include a term of imprisonment, or
        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).  The burden of proof is on the Defendant to establish these two prongs of § 3143(b) and, thus, overcome the presumption that an individual sentenced to a term of imprisonment should be detained pending appeal. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

Here, neither party disputes that Defendant is "not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(b)(1)(A).  Thus, the Court need only address the second prong of this analysis. *See* 18 U.S.C. § 1343(b)(1)(B).

**III.    DISCUSSION**

Section 3143(b)(1)(B) requires that a defendant establish a "substantial question of law" that is "likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B).  The Ninth Circuit has explained that "the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985).  A "substantial question" is one that is "fairly debatable" or "fairly doubtful." *Id.* at 1283.

In his attempt to carry his burden, Defendant relies on five main appellate issues: (1) the

1 | disparity between his sentence and the sentences of his co-defendants; (2) Defendant's

2 | assertion that the Court erred in declining to apply the minor participant adjustment;

3 | (3) Defendant's assertion that the Court erred in applying the sophisticated means

4 | enhancement; (4) Defendant's assertion that the Court erred in applying the abuse of trust

5 | enhancement; and (5) Defendant's assertion that the evidence presented at trial was insufficient

6 | to sustain the jury verdict.  The Court finds that these five arguments are insufficient to

7 | establish that Defendant is entitled to remain out of custody through the pendency of his appeal.

8 |       First, the disparity between the sentences of his co-defendants cannot support

9 | Defendant's motion.  The two lower terms of imprisonment for the two co-defendants resulted

10 | from negotiated plea agreements between the Government and the two co-defendants.  The

11 | Government presented evidence at trial that Defendant was involved in each of the same

12 | fraudulent transactions as co-defendant Jason Kellow, who received a custodial sentence of

13 | thirty-three months.  Thus, even if the Ninth Circuit were to determine that Defendant is

14 | entitled to the benefit of his co-defendants' negotiated plea agreements, Defendant would likely

15 | receive a sentence comparable to that of co-defendant Jason Kellow.  Accordingly, such an

16 | outcome would neither eliminate a term of imprisonment from his sentence nor reduce that

17 | term of imprisonment to less than the expected duration of the appeal process.

18 |       Second, even if Defendant were to prevail on each of his arguments related to the

19 | specific adjustments and enhancements considered by the Court at Defendant's sentencing

20 | hearing, it would still not "likely" result in reversal, an order for a new trial, or a sentence that

21 | does not include a term of imprisonment.  In fact, based solely on the offenses of which

22 | Defendant was convicted, *see* U.S.S.G. § 2B1.1(a)(1)(B), and the loss amount, *see* U.S.S.G.

23 | § 2B1.1(b)(1)(I), the United States Sentencing Guidelines contemplates an Offense Level of 23.

24 | Even if the Ninth Circuit agreed with Defendant that he was a minor participant and found that

25 | this Court should impose a four level decrease, *see* U.S.S.G. § 3B1.2(b) (contemplating a 2-4

1  level decrease for acting as a minor participant), Defendant would still have an Offense Level

2  of 19.  In combination with Defendant's Criminal History Category of I, Defendant's minimum

3  Guideline Range would be 30-37 months in custody.  Thus, because Defendant has not yet

4  served any time in custody, the Court cannot find that the expected duration of the appeal

5  process would exceed even the lowest possible sentence under the Guidelines.

6  Finally, Defendant's assertion that the evidence presented at trial was insufficient to

7  sustain the jury's verdict does present a "substantial question."  When determining whether the

8  evidence presented at trial is sufficient to support a criminal conviction, "the relevant question

9  is whether, after viewing the evidence in the light most favorable to the prosecution, *any*

10  rational trier of fact could have found the essential elements of the crime beyond a reasonable

11  doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[T]he factfinder's role as weigher of

12  the evidence is preserved through a legal conclusion that upon judicial review *all of the*

13  *evidence* is to be considered in the light most favorable to the prosecution.").  The Government

14  provided testimony of Marius Essak that the Defendant was involved in many stages of the

15  fraud.  The Government further provided substantial evidence of Defendant's involvement in

16  the form of bank and loan documents.  When this evidence and the rest of the evidence

17  presented at trial is considered in the light most favorable to the prosecution, the Court cannot

18  find that Defendant has established a "substantial question" that is "likely to result" in reversal

19  or a new trial.

20  **IV.   CONCLUSION**

21  **IT IS HEREBY ORDERED** that Defendant's Motion for Release Pending Appeal

22  (ECF No. 287) is **DENIED.**

23  **DATED** this 3rd day of June, 2014.

24

25  Gloria M. Navarro, Chief Judge
United States District Court