**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cr-00287-GMN-VCF-1 |
| vs. ) | |
| ) | **ORDER** |
| LANCE KELLOW, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is the Motion in Opposition to the Continuing Writ of Garnishment, (ECF No. 373), filed by Defendant Lance Kellow ("Defendant"). The Government filed a Response, (ECF No. 375).[1] Defendant did not file a Reply.

For the reasons discussed herein, Defendant's Motion in Opposition to the Continuing Writ of Garnishment is **DENIED**.

I. **BACKGROUND**

On March 1, 2013, a jury found Defendant guilty after a ten-day trial of Count One of the Second Superseding Indictment, Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 1349, Counts Two through Four, Wire Fraud in violation of 18 U.S.C. § 1343, and Count Six, Bank Fraud in violation of 18 U.S.C. § 1344. (Jury Verdict, ECF No. 191); (*see* Second Superseding Indictment, ECF No. 92). The Court accordingly sentenced Defendant to fifty-seven months imprisonment per count, followed by five years supervised release, along with restitution in the amount of $834,500. (Judgment, ECF No. 279).

Defendant appealed his conviction to the Ninth Circuit on March 21, 2014. (Not. Appeal, ECF No. 278). On June 8, 2015, the Ninth Circuit affirmed Defendant's judgment and

---

[1] Target, the garnishee, also filed an Answer, (ECF No. 374).

sentence. (Mem. USCA, ECF No. 295). That same week, Defendant's trial counsel, Luis Rojas ("Rojas"), pled guilty to committing a similar type of federal offense as Defendant. (*See* Designation of Retained Counsel, ECF No. 7). Specifically, from March 2009 through February 2011, Rojas "submitted a financial disclosure form in an attempt to refinance his home, with a mortgage backed by the Federal Housing Administration ('FHA'), and then submitted a HUD-1 settlement form as part of a subsequent 'short sale' of his property." (Rojas Information 1:23–2:1, Case No. 2:14-cr-00403-JCM-GWF (D. Nev. June 2, 2015), ECF No. 6); (*see also* Rojas Plea Agreement 4:5–5:20, *United States v. Rojas*, Case No. 2:14-cr-00403-JCM-GWF (D. Nev. June 2, 2015), ECF No. 8). Rojas accordingly pled guilty to violating 18 U.S.C. § 1001, False Statement in a Matter Within the Jurisdiction of a Governmental Agency. (*See* Change of Plea, *United States v. Rojas*, Case No. 2:14-cr-00403-JCM-GWF (D. Nev. June 2, 2015), ECF No. 9). Rojas's criminal acts of mortgage fraud were essentially the same type of crime as those for which Rojas was defending Defendant. *Compare* (Rojas Information 2:2–5), *with* (Second Superseding Indictment, ECF No. 92).

On September 7, 2016, Defendant, acting pro se, filed his 2255 Motion, (ECF No. 302). Petitioner argued six grounds for relief: (1) ineffective assistance of counsel; (2) suppression of evidence and prosecutorial misconduct; (3) absence of mens rea; (4) reversible errors in sentencing; (5) insufficient evidence for conviction; and (6) cumulative effect of errors. (2255 Motion 1:16–2:25, ECF No. 302). The Court granted Defendant's 2255 Motion by finding an "actual conflict" of interest between Rojas and Defendant arising from Rojas's criminal acts and the Government's investigation which occurred contemporaneously with counsel's representation of Defendant. (Order 4:6–9:8, ECF No. 324). The Court thus vacated Defendant's conviction based on ineffective assistance of counsel. (*Id.* 9:15).

The Government filed a Motion to Reconsider on the ground that Defendant had not raised the issue of an actual conflict of interest in his 2255 Motion. (Mot. to Reconsider 3:10–

4:11, ECF No. 325).  The Court ultimately agreed with the Government and vacated its prior order denying Defendant's 2255 Motion to Vacate. (*See* Order Vacating Order and Denying Mot. Vacate, ECF No. 349).

In August 2021, the Government filed a Motion for Status Conference regarding the Government's Writ of Garnishment. (*See* Mot. Status Conf., ECF No. 369).  The Government specifically requested clarification on the status of the pending Writ of Garnishment after the Court's reconsideration of its initial Order Granting Defendant's 2255 Motion, which effectively reinstated Defendant's conviction, (ECF No. 349).  The Court denied the Government's Motion for Status Conference because the Court's prior Order, (ECF No. 324), already denied as moot the original Motion for Writ of Garnishment. (*See* Min. Order, ECF No. 370).  The Government then refiled an Ex Parte Application for Writ of Continuing Garnishment, (ECF No. 371), pursuant to the Court's instruction. (*See id*.).  Defendant subsequently filed the instant Motion in Opposition to Continuing the Writ of Garnishment, (ECF No. 373).

## II. DISCUSSION

Defendant requests the Court bar the Government's Continuing Writ of Garnishment based on the doctrines of laches and unclean hands. (Mot. Opp. Continuing Writ of Garnishment at 6).  Because the Government waited nearly three years to clarify and/or continue the Writ of Garnishment, Defendant argues that the Government unreasonably delayed in continuing garnishment. (*Id*. at 4).

The Court denies Defendant's request for two reasons.  First, the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A *et. seq*., requires the sentencing court to order "the defendant make restitution to the victim of the offense." *See* 18 U.S.C. § 3663A(a)(1).  "The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated." *See* 18 U.S.C. § 3613.  In the present case, judgment was

entered on March 21, 2014. (*See* J., ECF No. 279).  The Government filed a new Ex Parte Application for Writ of Continuing Garnishment on September 28, 2021. (*See* Ex Parte Application, ECF No. 371).  Since more than 20 years have not yet passed since entry of judgment, the Government did not exceed its authority in seeking garnishment in September 2021.  Second, the equitable defenses of laches and unclean hands are not traditionally defenses against the United States. *See United States v. Batson*, 608 F.3d 630, 633 n.3 (9th Cir. 2010) (finding that "laches traditionally is not a defense against the United States"); *see also Woods v. McCord*, 175 F.2d 919, 921-22 (9th Cir. 1949).  For the foregoing reasons, Defendant's request for the Court to bar the Government's Motion for Continuing Writ of Garnishment is denied.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion in Opposition to the Continuing Writ of Garnishment, (ECF No. 373), is **DENIED**.

**DATED** this ___8___ day of June, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT