# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cr-00287-GMN-VCF-1 |
| vs. ) | |
| ) | **ORDER** |
| LANCE KELLOW, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is the Motion for Entry of a Final Order of Garnishment, (ECF No. 377), filed by the Government. Defendant and Judgment Debtor Lance Kellow filed a Response, (ECF No. 378), to which the Government filed a Reply, (ECF No. 379). For the reasons discussed below, the Court **GRANTS** the Government's Motion for Entry of a Final Order of Garnishment.

## I. BACKGROUND

A jury found Kellow guilty of wire fraud, bank fraud, and conspiracy to commit mail and wire fraud on March 1, 2013. (Jury Verdict, ECF No. 191). Kellow was sentenced to fifty-seven months imprisonment, per count, to run concurrently. (Judgment, ECF No. 279). The Ninth Circuit affirmed his sentence. (Ninth Cir. Mem., ECF No. 295).

In 2016, Kellow moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 302). While the § 2255 Motion was pending, the Government filed a Motion for Writ of Garnishment, seeking any nonexempt property belonging to or due Kellow by Target Corporation, its Successors or Assigns ("Garnishee"). (ECF No. 306). Garnishee filed an Answer, and Kellow moved for a hearing and for exemptions regarding the Writ of Garnishment. (ECF Nos. 310, 311).

///

The Court initially granted Kellow's § 2255 Motion and denied the remaining pending motions, including the motions for a hearing and exemptions, as moot. (Order granting § 2255 Mot., ECF No. 324). The Government immediately moved for reconsideration of the Court's Order granting Kellow's § 2244 Motion because the Government did not have an opportunity to respond to the concerns raised *sua sponte* by the Court's Order. (Mot. Reconsider 4:8–11, ECF No. 325). The Court granted the Motion for Reconsideration and later vacated its previous Order and denied the § 2255 Motion. (MO, ECF No. 326); (Vacating Order, ECF No. 349).

Following the Vacating Order, the Court clarified that the Motion for Writ of Garnishment filed in 2016 was moot and instructed that "[a]ny renewed request for writ of garnishment should be accompanied by a new motion." (MO, ECF No. 370). In accordance with the Court's instruction, the Government filed a new Writ of Continuing Garnishment on September 28, 2021, again seeking any nonexempt property belonging to or owed the Judgment Debtor by Garnishee. (Writ of Continuing Garnishment, ECF No. 372). Kellow filed a Motion in Opposition to Continuing the Writ of Garnishment, (ECF No. 373), which the Court denied, (ECF No. 376). The Garnishee filed its Answer on November 1, 2021, stating that it had in its possession, custody, or control personal property belonging to and due the Judgment Debtor in the form of a retirement account in the amount of approximately $534,153.93. (Answer of Garnishee, ECF No. 374). Kellow did not renew his motions for a hearing or exemptions.

## II. LEGAL STANDARD

A judgment debtor may file a written objection to the garnishee's answer and request a hearing within twenty days after receipt of the answer. 28 U.S.C. § 3205(c)(5). "After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." *Id.* § 3205(c)(7).

### III. DISCUSSION

The Court first notes that it previously denied Kellow's Motion in Opposition to Continuing the Writ of Garnishment. (Order, EF No. 376). Kellow argues that the effect of the Vacating Order on his motions for a hearing and exemptions was unclear, and because he filed a timely request for hearing regarding the original Garnishee answer, he should be permitted to file a new request for hearing and have an opportunity to be heard pursuant to 28 U.S.C. § 3205(c)(5). (*Id.* 4:8–15). The Court disagrees. The Court expressly noted that the original Motion for Writ of Garnishment filed in 2016 was moot. (MO ECF No. 370). Therefore, the Garnishee's Answer and Kellow's subsequent motions for a hearing and exemptions were also moot. The operative Answer to the Writ of Garnishment was filed on November 1, 2021. The deadline to file an objection to this Answer passed in November of 2021. Accordingly, the Court denies Kellow's request to file a new Motion for Hearing pursuant to 28 U.S.C. § 3205(c)(5). Because the Court has previously denied Kellow's Motion in Opposition to the Writ of Garnishment, and in the absence of a timely objection to the Garnishee's Answer or request for hearing, the Court GRANTS the Government's Motion for Final Order of Garnishment.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion for Entry of a Final Order of Garnishment, (ECF No. 377), is **GRANTED.**

**IT IS FURTHER ORDERED** that the Garnishee shall pay into the hands of the Clerk, U.S. District Court, the balance of the retirement account held by the Garnishee on behalf of Kellow, less 20% of the value for the provision of federal income taxes.

///

///

**IT IS FURTHER ORDERED** that all monies previously held by the Garnishee in accordance with the Writ of Garnishment shall immediately be paid to the United States.

**IT IS FURTHER ORDERED** that these sums are to be applied to the Judgment rendered in the matter in the sum of $835,000.00, upon which there is an unpaid balance of $831,588.56 due, as of April 25, 2023. These deductions are to continue until the total amount due, plus accruing interest, is fully paid and satisfied.

Checks should be made payable to:

Clerk of the Court, U.S. District Court

Mailed to:

Clerk of the Court, U.S. District Court

333 Las Vegas Boulevard South, Suite 1334

Las Vegas, NV 89101

And bearing Judgment Debtor's name and case number: "Lance Kellow/2:10-cr-00287-GMN-VCF"

Dated this 22 day of June, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT